IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WAYMON HUDGENS, on behalf of
Himself and all others similarly
situated,

       Plaintiff,

v.                                        CASE NO. 5:14-cv-200-RS-EMT

WYNDHAM VACATION OWNERSHIP,
INC., a Foreign Profit Corporation,
WYNDHAM VACATION RESPORTS, INC., a
Delaware Corporation, WYNDHAM WORLDWIDE
OPERATIONS, INC., a Foreign Profit
Corporation,

       Defendants.
_____/

## ORDER

Before me are Defendants' Motion to Dismiss Amended Complaint (Doc. 15), and Plaintiff's Response in Opposition (Doc. 22). The relief requested in Defendants' Motion to Dismiss Amended Complaint (Doc. 15) is **DENIED**.

## STANDARD OF REVIEW

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven

consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984).

The Supreme Court has clarified the specificity of pleading required to survive a motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A complaint thus "does not need detailed factual allegations." *Bell Atlantic Corp.*, 550 U.S. at 555.

On the other hand, a conclusory recitation of the elements of a cause of action is insufficient. A complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555. A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. *Id.* at 557.

## BACKGROUND

While considering a motion to dismiss, I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir.

2000) (citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

In Plaintiff's Amended Complaint, Plaintiff alleges that from September 2012 to June 2013, Plaintiff worked as a licensed "In House" sales representative for Defendants and was paid the Florida statutory minimum wage, plus commissions in exchange for work performed. Although Defendants classified Plaintiff as non-exempt and eligible for overtime under the FLSA, Defendants required Plaintiff to routinely work off-the-clock to avoid on-the-clock hours that exceeded more than forty per week. Despite being off-the-clock, Plaintiff routinely worked in excess of forty hours per week as part of his regular job duties. Defendants failed to pay Plaintiff and others similarly-situated sales representatives overtime compensation at a rate of time and a half of their regular rate of pay for all hours worked over forty in a workweek.

## ANALYSIS

The Eleventh Circuit has held that to survive a motion to dismiss a claim of a Fair Labor Standards Act violation, a plaintiff has to show that there was either a failure to pay overtime compensation to covered employees, or a failure to keep payroll records pursuant to the Act. *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). Plaintiff has sufficiently alleged that while Plaintiff was employed with Defendants, Plaintiff routinely worked more than forty hours per

workweek, and Defendants failed to pay him overtime compensation. Accordingly, taking the allegations in the complaint as true, the relief requested in Defendants' Motion to Dismiss Amended Complaint (Doc. 15) is **DENIED.**

## CONCLUSION

The relief requested in Defendants' Motion to Dismiss Amended Complaint (Doc. 15) is **DENIED.**

**ORDERED** on October 29, 2014.

> **/s/ Richard Smoak**
> **RICHARD SMOAK**
> **UNITED STATES DISTRICT JUDGE**