IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WAYMON HUDGENS, on behalf of
Himself and all others similarly
situated,

        Plaintiff,
v.                                CASE NO. 5:14-cv-200-RS-EMT

WYNDHAM VACATION OWNERSHIP,
INC., a Foreign Profit Corporation,
WYNDHAM VACATION RESORTS, INC., a
Delaware Corporation, WYNDHAM WORLDWIDE
OPERATIONS, INC., a Foreign Profit
Corporation,

        Defendants.
_____/

## ORDER

Before me are Plaintiffs' Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members (Doc. 30), and Defendants' Opposition to Certification of FLSA Collective Action (Doc. 37).

Wyndham operates more than 185 vacation ownership resorts worldwide, and has one resort in Panama City Beach, Florida. The Wyndham resort that is the subject of this lawsuit is located at 14700 Front Beach Road, Panama City Beach, FL 32413. Plaintiff filed this lawsuit on behalf of himself and other Sales Reps to recover overtime compensation for hours these individuals worked without being

paid. To date, five[1] Sales Reps have come forward to participate in this case by opting-in to this matter. These Sales Reps are Waymon Hudgens, Christina Hammer, Matthew Jones, Scott Raven, and Elwyn Smith.

According to the affidavits of each of the Sales Reps, although Defendants classified the Sales Reps as non-exempt and eligible for overtime under the FLSA, each of the individuals regularly worked overtime hours without compensation. Plaintiff argues that he has demonstrated that he, the Opt-in Plaintiffs, and the putative class are "similarly situated" because: (a) they all worked as Sales Reps; (b) they all worked at the same location; (c) they all were non-exempt employees paid by hourly wage draw, plus commissions; and (d) each are allegedly owed additional overtime compensation due to work performed off-the-clock.

Section 216(b) of the FLSA permits an employee to bring an action against his employer for FLSA violations on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b).  Unlike a traditional class action, which binds class members who do not opt-out, section 216(b) contains an opt-in provision that requires all similarly situated employees to consent in writing before becoming party plaintiffs.  *Id.*  The purpose of allowing certification is to avoid multiple lawsuits where numerous employees have allegedly been harmed by FLSA violations by a particular employer.  *Prickett v. DeKalb Cnty.*, 349 F.3d

---

[1] On January 21, 2015, Lindsay Rucker withdrew her consent to join. Doc. 40.

1294, 1297 (11th Cir. 2003). The decision to create an opt-in class is soundly within the discretion of the district court. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).

The Eleventh Circuit has suggested a two-tiered approach when a plaintiff seeks certification under section 216(b) for an opt-in class. *See id.* At the first stage, the "notice stage," the court should decide using a "fairly lenient standard" whether the class should be conditionally certified, and notice should be given to other potential class members. *Id.* The plaintiff must show that there are other persons (1) who are similarly situated to the named plaintiffs and (2) who desire to opt-into the case. *See id; Dybach v State of Florida Department of Corrections*, 943 F.2d 1562, 1567-68 (11th Cir. 1991)("…The district court should satisfy itself that there are other employees of the department-employer who desire to "opt-in" and who are "similarly situated" with the respect to their job requirements and with regard to their pay provisions.").

An employee need only show that he is suing his employer for himself and others similarly situated; the positions need only be similar, not identical. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). To meet this burden, the plaintiffs may not rest on mere allegations. To the contrary, the plaintiffs must support their claims through affidavit or other sworn testimony. *See Hipp* at 1219 ("The plaintiffs may meet this burden, which is not heavy, by making substantial

allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engaged defendants' affidavits to the contrary."); *Alvarez v Sun Commodities, Inc.*, 2012 WL 2344577, *2 (S.D. Fla. June 20, 2012) ("[A] plaintiff cannot rely on speculative, vague, or conclusory allegations" but instead must support their case with "detailed allegations supported by affidavits.") (internal citations omitted).

    Here, there is a putative class of approximately 225 sales representatives, each requiring a fact-specific inquiry into their claims to determine the over-time hours worked by each representative. Because of the complex and varying payment schemes, this case is not appropriate for conditional certification. Likewise, plaintiffs have failed to provide substantial allegations of class-wide discrimination. Accordingly, I find that Plaintiffs have failed to meet the burden of showing that there are similarly situated sales representatives who desire to opt-into this action.

    In sum, the relief requested in Plaintiffs' Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members (Doc. 30) is **DENIED**.

**ORDERED** on January 22, 2015.

                                               /S/ Richard Smoak
                                               **RICHARD SMOAK**
                                               **UNITED STATES DISTRICT JUDGE**